IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ADRIAN JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-140 |
| | ) | |
| OFFICER DAVIS; OFFICER HORACE | ) | |
| RYANS; and WARDEN WILKES, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Smith State Prison in Glennville, Georgia, commenced the above-captioned case *pro se* and has paid the $400.00 filing fee. On December 11, 2018, the Court ordered the United States Marshals Service to serve Defendants after Plaintiff failed to effect service and extended the service deadline forty-five days. (Doc. no. 9.) The Marshals Service requested Defendant Ryans, the last remaining unserved Defendant, waive formal service of summons by mail on January 4, 2019, and February 25, 2019. (Doc. no. 26.) However, the United States Postal Service returned both waiver requests stating the listed addresses were insufficient. (Id.) Accordingly, personal service of process shall issue as to Defendant Ryans.

The Court **DIRECTS** the Marshals Service to use reasonable efforts to effect personal service of process on Defendant Ryans within twenty-eight days of the date of this Order. Because the service deadline is fast approaching, the Court **EXTENDS** the deadline

for service to forty-five days from the date of this Order. Service shall be effected in accordance with the Court's December 11, 2018 Order, except the Marshals Service shall not request that Defendant Ryans waive formal service of the summons but shall serve Defendant Ryans with a summons and complaint notifying him of the lawsuit and giving him a time period in which to answer. The Marshals Service shall serve on Defendant Ryans a summons, a copy of the complaint, the Court's November 5, 2018 Order, (doc. no. 6), December 11th Order, (doc. no. 9), January 28th Order, (doc. no. 16), and a copy of this Order. The Marshals Service is **FURTHER DIRECTED** to notify the Court within twenty-eight days of the date of this Order whether Defendant Ryans has been located and served.

Furthermore, individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with a request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Thus, as Defendant Ryans has failed to waive service, he may be subject to court-imposed expenses pursuant to Fed. R. Civ. P. 4(d)(2)(A) and (B).

SO ORDERED this 19th day of March, 2019, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA