```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | | |
|---|---|---|
| ADRIAN JENKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CV 118-140 |
| v. | * | |
| | * | |
| OFFICER DAVIS and WARDEN WILKES, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Plaintiff's motion for reconsideration of the Court's March 4, 2020 Order (Doc. 94) and "Motion Requesting a Prompt Ruling." (Doc. 97.) The facts of this case are presented in the United States Magistrate Judge Brian Epps' February 6, 2020 Report and Recommendation. (Doc. 89, at 2-7.) In part, Magistrate Judge Epps recommended denying Plaintiff's motion for summary judgment, finding there is a genuine dispute of material fact. (Doc. 89, at 15-16.) In its March 4, 2020 Order, the Court overruled the parties' objections and adopted Magistrate Judge Epps' Report and Recommendation. (Doc. 93.) On March 17, 2020, Plaintiff filed the present motion for reconsideration. (Doc. 94.) For the following reasons, Plaintiff's motion for reconsideration

is **DENIED** and Plaintiff's "Motion Requesting a Prompt Ruling" is **DENIED AS MOOT**.

### DISCUSSION

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff

failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Plaintiff filed the present motion for reconsideration within twenty-eight days of the Court's Order; therefore, the Court will analyze the motion under Federal Rule of Civil Procedure 59(e). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have

been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

In the present motion, Plaintiff challenges the Court's adoption of Magistrate Judge Epps' Report and Recommendation to deny Plaintiff's motion for summary judgment, with respect to the excessive force claim. In support of his motion, Plaintiff fails to present any new evidence or other legal grounds to warrant reconsideration. Rather, Plaintiff argues that Defendant has been "untruthful" and "uncandid" in his affidavit. (Doc. 94, at 2-3.) This is not enough to meet the high burden required under Rule 59(e).

Furthermore, Plaintiff argues he never received a copy of Defendant's objections to the Report and Recommendation. Even so, the Court denied both Plaintiff's and Defendant's objections; thus, reconsideration is not justified on this basis.

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED** and Plaintiff's "Motion Requesting a Prompt Ruling" is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of October, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4